

U.S. Department of Justice
*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*   *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts   02210*

November 8, 2013

Miriam Conrad
Office of the Federal Defender
51 Sleeper Street, 5th Floor
Boston, MA 02210

    Re:  United States v. Khyeme Johnson
           Criminal No. 08-10113-WGY

Dear Ms. Conrad:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Khyeme Johnson ("Defendant"), in the above-referenced case. The Agreement is as follows:

    1.    <u>Vacation of existing conviction and sentence</u>

    At the earliest practicable date, the U.S. Attorney will file a pleading asking that the Court allow Defendant's Motion to Vacate filed on February 19, 2013 ("the 2255 Proceeding") and Vacate the March 26, 2009 Judgment of Conviction under 28 U.S.C. §2255. That request shall be based exclusively on contested issues regarding the accuracy of the drug certifications issued in the underlying case.

    The U.S. Attorney will assent to the entry of an order to vacate based on Defendant's agreement to plead guilty to the one-count Superseding Information attached to this Agreement as Exhibit 1. In addition to the waivers in paragraph 12, <u>below</u>, Defendant waives any claims of double jeopardy or statute of limitations in connection with the offense included in the Attached Information.

    If, following the entry of the order vacating the conviction, Defendant refuses to plead guilty to the Superseding Information in accordance with the terms of this Agreement, the government will be free to file an assented to Motion to Reinstate the March 26, 2009 Judgment of Conviction and the parties will thereafter be free to litigate the 2255 Proceeding without prejudice to the positions taken in connection with this Plea Agreement and their efforts to settle that claim.

2. <u>Change of Plea</u>

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Superseding Information in this case charging him with conspiring with Tyrone Bell to possess cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §846. Defendant expressly and unequivocally admits that he committed the crime charged in Count One of the Superseding Information, did so knowingly and intentionally, and is in fact guilty of that offense.

3. <u>Penalties</u>

Defendant faces the following minimum mandatory and maximum penalties on Count One of the Superseding Information: incarceration for a period of at least 15 days and up to two years; supervised release for a period up to 1 year; a fine of up to $2500; and a mandatory special assessment of $100.

Defendant also recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a United States citizen. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

4. <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's plea will be tendered pursuant to that provision. In accordance with Fed. R. Crim. P. 11(c)(1)(C), if the District Court ("Court") accepts this plea agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this plea agreement, the U.S. Attorney may deem the Agreement null and void. Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

5. <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines:

> (i) in accordance with USSG §3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, the adjusted offense level is reduced by two.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense

2

of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 6 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offense of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Agreement; or

    (j)    Attempts to withdraw his guilty plea.

6.    <u>Agreed Disposition</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

    (a)    incarceration for a period of 2 years deemed served;

    (b)    no fine, because the information already available in this case demonstrates that Defendant lacks any basis to pay;

    (c)    supervised release for a period of 12 months, which includes any standard conditions specified in 18 U.S.C. §3583(d) and/or USSG §5D1.3 and other additional conditions included in the March 26, 2009 Judgment of Conviction or any additional conditions that the parties may jointly agree to or that the Court in its discretion may impose; and,

        (d)      a mandatory special assessment in the amount of $100.

7.     <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

8.     <u>Waiver of Right to Appeal and to Bring Other Challenge</u>

    (a)    Defendant has conferred with his attorney and understands that he has the right to challenge the conviction resulting from his plea to the Superseding Information in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that he may, in some circumstances, be able to challenge the conviction resulting from his plea to the Superseding Information in a future (collateral) proceeding, such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241, or 18 U.S.C. §3582(c). Defendant waives any right he has to challenge this conviction on direct appeal or in any future proceeding.

    (b)    Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in future (collateral or otherwise) proceedings such as pursuant to 28 U.S.C. §2255, 28 U.S.C. §2241, or 18 U.S.C. §3582. The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may now have or may hereafter accrue to challenge the agreed-upon sentence set forth in paragraph 6, <u>above</u> (including any provision relating to agreed-upon provisions regarding supervised release, fines, forfeiture, and restitution) on direct appeal and in a future (collateral or otherwise) proceeding such as pursuant to 28 U.S.C. §2255 and 28 U.S.C. §2241 on any ground whatsoever. Furthermore, Defendant waives any right Defendant may have under 18 U.S.C. §3582 to ask the Court to modify the sentence, even if the Sentencing Guidelines are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's criminal history category that existed at the time of Defendant's sentencing on the Superseding Information. Defendant also agrees not to challenge the sentence in an appeal or future collateral or other proceeding even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Agreement, the parties intend that Defendant will receive the benefits of the

Agreement and that the sentence will be final.

(c) The U.S. Attorney agrees that she will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 6, even if the Court rejects one or more positions advocated by a party at sentencing.

(d) Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

9. Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of Defendant's conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

11. Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

12. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 5(a)-(j), has violated any condition of his pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law (including without limitation any claim referenced in paragraph 1, above), irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against the Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the

U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation.  In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

13.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14.  Complete Agreement

This letter contains the complete and only agreement between the parties.  No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral.  This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney John A. Wortmann, Jr.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: *[signature]*
CYNTHIA A. YOUNG
Chief, Criminal Division
JAMES HERBERT
Deputy Chief, Criminal Division
JOHN A. WORTMANN, JR.
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorneys. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
KHYEME JOHNSON
Defendant

Date: 12-20-2013

I certify that KHYEME JOHNSON has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
MIRIAM CONRAD
Attorney for Defendant

Date: 12/20/13